IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERRELL MIDDLETON,

    Plaintiff,

v.                                          CASE NO. 1:14-cv-10-MW-GRJ

DEPT. OF REVENUE
CHILD SUPPORT ENFORCEMENT,

    Defendant.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint form pursuant to 42 U.S.C. § 1331 and seeks leave to proceed as a pauper. Docs. 1, 2. The Court concludes that leave to proceed as a pauper should be granted.

Plaintiff is a resident of Gainesville, Florida, and the only named defendant in the Complaint is the "Department of Revenue, Child Support Enforcement," in Sarasota, Florida. Plaintiff contends that Defendant "fabricated" the amount of his income, causing him to overpay for child support. Plaintiff contends that Defendant has refused to modify his child support payments. For relief, Plaintiff requests (1) modification of his child support payments; (2) a restraining order prohibiting Defendant from enforcing the current payment; and (3) a refund of overpayments. Doc. 1.

Plaintiff's complaint suffers from several defects. Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton,* 30 F.3rd 1365, 1367 (11th Cir. 1994). Plaintiff

does not allege any basis for invoking federal jurisdiction, and the allegations in the Complaint do not suggest that there is any basis for invoking federal jurisdiction. This Court does not have subject matter jurisdiction to resolve Plaintiff's dispute regarding the amount of his child support payments. Such matters are subject to regulation by state agencies, and if Plaintiff has any recourse it would be through the state agency administrative process and whatever remedies may be available in state court.

Even if Plaintiff asserted a cognizable federal claim, venue is improper in this Court. Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise to the claims occurred; or (3) where any defendant is subject to the Court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The allegations of the Complaint reflect that the only Defendant is located in Sarasota, Florida, and it appears that the events giving rise to the claims occurred in Sarasota, Florida. Sarasota is within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division. Accordingly, this case should have been filed in that District. *See* 28 U.S.C § 1391(b).

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." In view of the fact that Plaintiff's allegations state no cognizable basis for exercising federal jurisdiction, transfer of this case would not be in the interests of justice.

In light of the foregoing, it is **ORDERED** that Plaintiff's motion to proceed as a pauper, Doc. 2, is **GRANTED**. It is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Gainesville, Florida, this 2nd day of April 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**